UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHAWN D. JOHNSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-2213** |
| **ABE'S BOAT RENTALS INC. AND ISLAND OPERATING COMPANY INC.** | **SECTION "B" (5)** *Flag Section "C"* |

ORDER AND REASONS[1]

Before the Court is (1) Apache Corporation's ("Apache") Motion for Summary Judgment, dismissing all claims by Plaintiff Shawn Johnson ("Johnson") and Third Party Plaintiff Abe's Boat Rentals, Inc. ("Abe's"), and (2) Island Operating Company's ("Island") Motion for Summary Judgment, dismissing all claims by Johnson. *See* Rec. Docs. 41 & 42. After reviewing the arguments of counsel, the record, and applicable law, the Court **DENIES** Apache's Motion for Summary Judgment and **DENIES** Island's Motion for Summary Judgment.

I. BACKGROUND

A. Facts

The following facts appear to be undisputed by the parties involved. Johnson was a payroll employee of Wood Group PSN, Inc. ("Wood Group") and in July 2012, he was assigned to work as a mechanic for Apache on their production platform, SP 24 W-1 ("South Pass 24"), off the coast of Louisiana. *See* Rec. Doc. 1 at 2; Rec.

---

[1] Tracy Law, a third year student at Tulane University Law School, assisted with the preparation of this order and reasons.

Doc. 41-2 at 2. At the time of Johnson's employment, Apache and Wood Group's relationship was governed by a Master Service Contract. *See* Rec. Doc. 41-2 at 2.

On March 12, 2014, Johnson was working with a crew that included Ronnie Morel ("Morel"), a payroll employee of Island who was also assigned to work on SP 24 W-1 for Apache. *See* Rec. Doc. 42-1 at 1-2. The crew was scheduled to make a crew change and leave the platform. *See* Rec. Doc. 1 at 2; Rec. Doc. 42-1 at 2. That morning, Johnson boarded the M/V MISS SYDNEY, a vessel owned by Apache, to return to shore at Venice, Louisiana. *See* Rec. Doc. 1 at 2; Rec. Doc. 42-1 at 2. Morel took up the operation of the MISS SYDNEY. *See* Rec. Doc. 1 at 2; Rec. Doc. 42-1 at 2. On the way, the MISS SYDNEY collided with the M/V JASON ABE, owned by Abe's. *See* Rec. Doc. 1 at 2; Rec. Doc. 42-1 at 2; Rec. Doc. 67 at 2.

Johnson claims that the collision caused severe and painful injuries that have limited his everyday activities and ability to work. *See* Rec. Doc. 1 at 2.

### B. Procedural Posture

Johnson filed a claim under the Longshoremen's and Harbor Worker's Compensation Act ("LHWCA") on July 3, 2014, and filed a claim under the Louisiana Workers' Compensation Act ("LWCA") on October 2, 2014. *See* Rec. Doc. 75-1 at 2 n.3. On September 24, 2014, Johnson filed suit against Abe's and Island under general maritime law, seeking damages for his sustained injuries. *See* Rec.

Doc. 1. On December 19, 2014, the state Office of Workers' Compensation ("OWC"), in its adjudication of Johnson's compensation claims, dismissed his state workers' compensation claim. *See* Rec. Doc. 75-1 at 2. Johnson appealed. *See id.*

On March 24, 2015, defendant Abe's filed a cross-claim against defendant Island, alleging negligence on the part of Morel, the operator of the MISS SYDNEY at the time of the collision. *See* Rec. Doc. 28. On April 17, 2015, Abe's brought a Third Party action against Apache, and additionally tendered Apache as a direct defendant of Johnson. *See* Rec. Doc. 31. Abe's contends that Apache is negligent for its own actions, namely regarding untrained personnel and a lack of procedures regarding the safe operation of its vessels. *See* Rec. Doc. 31; Rec. Doc. 50 at 3.

On August 21, 2015, Apache filed a Motion for Summary Judgment to dismiss all claims by Johnson and Abe's. *See* Rec. Doc. 41. On August 25, 2015, Island also filed a Motion for Summary Judgment to dismiss all claims by Johnson. *See* Rec. Doc. 42. Both Apache and Island seek summary judgment and dismissal from this case on the grounds that, because Johnson is covered by the LHWCA, Johnson is legally barred from obtaining recovery against them. *See* Rec. Docs. 41 and 42. Apache also seeks summary judgment against Abe's on the grounds that Abe's, too, is legally barred by the LHWCA from recovery against Apache for Johnson's alleged misconduct. *See* Rec. Doc. 41-2 at 7.

On September 23, 2015, the Louisiana Fourth Circuit Court of Appeal vacated the OWC's judgment and instructed the OWC not to rehear Johnson's case until the Court decides whether Johnson is covered by the LHWCA. *See id.*

## II. STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). "A factual dispute is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. A fact is 'material' if it might affect the outcome of the suit under the governing substantive law." *Beck v. Somerset Techs., Inc.*, 882 F.2d 993, 996 (5th Cir. 1989) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)).

"If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995) (citing *Celotex*, 477 U.S. at 322–24). When necessary, a court must draw all reasonable inferences in favor of the nonmoving party. *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986). However, if the evidence does not exist, a court

cannot assume that the nonmoving party will be able to prove the necessary facts to create a genuine issue of material fact. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

**III. LAW AND ANALYSIS**

**A. Apache's Motion for Summary Judgment**

Apache argues that because Johnson is covered by the LHWCA and is a borrowed employee under the LHWCA, Johnson and Abe's are precluded from recovering against Apache. *See* Rec. Doc. 41-2. In its opposition, Abe's makes four arguments: (1) Johnson is not covered by the LHWCA and therefore, may still pursue tort claims against Apache under general maritime law, (2) even if Johnson is covered by the LHWCA, Johnson may still pursue claims against Apache under 33 U.S.C. § 905(b), (3) Johnson is not a borrowed employee and Apache is not precluded from liability, and (4) Apache is responsible for its own negligence regardless of Johnson's borrowed employee status. *See* Rec. Doc. 50 at 2.

Apache asserts, though Johnson denies, that Johnson is not contesting the application of the LHWCA to this case. *See* Rec. Docs. 69 at 1, 67 at 1–2, & 75. Johnson notes that he filed for both federal and state compensation benefits to avoid being precluded from benefits because he was uncertain which statute applied. *See* Rec. Doc. 75. Abe's additionally disputes whether Johnson is covered by the LHWCA due to the nature of his work and the location of his injury. *See* Rec. Doc. 50 at 3–6.

5

Because the Court finds that genuine issues of material fact must be resolved before the Court can determine whether Johnson is covered by the LHWCA and because the Court agrees that Abe's has stated a claim against Apache for its own negligence, the Court concludes that summary judgment for Apache is inappropriate. It is therefore not possible and/or unnecessary to reach the question of whether Johnson may pursue claims under 33 U.S.C. § 905(b) or whether Johnson was a borrowed employee of Apache, as both of these issues may not be reached until the Court is first satisfied that the LHWCA is applicable.

i. **LHWCA Coverage**

The LHWCA is a federal workers' compensation scheme designed to provide exclusive remedies for longshoremen and harbor workers that are injured in the course of employment. 33 U.S.C. § 902(2)-(3). The compensation is designed to be paid regardless of fault. 33 U.S.C. § 904(b). In addition, employers are liable *exclusively* for compensation under Section 904 of the LHWCA and all other liability for injury is precluded. 33 U.S.C. § 905(a). This preclusion from liability extends to borrowing employers. *See Melancon v. Amoco Prod. Co.*, 834 F.2d 1238, 1243-44, 1244 n.10. (5th Cir. 1988). In Louisiana, should compensation under the LHWCA be paid, the claimant is then prohibited from receiving state workers' compensation under the LWCA. LA. REV. STAT. ANN. § 23:1035.2 (1990). In this case, if the LHWCA does apply, Apache may be

6

precluded from liability under the borrowed employee doctrine. However, if the LHWCA does not, Apache has no statutory protections from liability for Johnson's injuries.

There is a two-part test to determine whether the LHWCA is applicable: a "situs" test and a "status" test. The "situs" test requires that the employee be injured on navigable waters of the United States. *See Bienvenu v. Texaco, Inc.*, 164 F.3d 901, 904 (1999). The situs test focuses on where the employee was injured, not where the employee works. *See* 33 U.S.C. § 903 ("[C]ompensation shall be payable under this chapter in respect of disability or death of an employee, but only if the disability or death results from *an injury occurring upon the navigable waters* of the United States" (emphasis added)). The "status" test requires that the claimant be a person engaged in maritime employment at the time of their injury. *See id.* at 904. If an employee's presence on a vessel at the time of injury is transient or fortuitous, the employee cannot satisfy the status test and is not covered by the LHWCA. *See id.* at 908. The employee must perform a "not insubstantial" amount of work on navigable waters for their presence to be considered not transient or fortuitous. *See id.*

Abe's contends that Johnson is not subject to the LHWCA because neither part of the test is fulfilled. *See* Rec. Doc. 50 at 4–6. First, Abe's cites to *Thibodeux v. Grasso Prod. Mgmt.*, 370 F.3d 486 (5th Cir. 2005) to argue that the SP 24 W-1 was a fixed

7

platform that was not a situs covered by the LHWCA. Regardless of whether SP 24 W-1 is a fixed platform, however, the situs test focuses on *where* the employee was injured, not where the employee works. *See* 33 U.S.C. § 903 ("[C]ompensation shall be payable under this chapter in respect of disability or death of an employee, but only if the *disability or death results from an injury occurring upon the navigable waters* of the United States.") (emphasis added). Johnson's injury apparently occurred on the MISS SYDNEY while on navigable waters of the United States.

Abe's further argues, however, that Johnson cannot recover under the LHWCA because his presence on the MISS SYDNEY was only transient and fortuitous under the "status" test. *See* Rec. Doc. 50 at 6; *see also Bienvenu*, 164 F.3d at 908. In *Bienvenu*, the Fifth Circuit held that there is a "substantial difference between a worker 'performing a set of tasks requiring him to be both on and off navigable waters, and a worker whose job is entirely land based but who takes a boat to work.'" 164 F.3d at 908 (quoting *Herb's Welding, Inc. v. Gray*, 470 U.S. 414, 427 n.3 (1985)). The Fifth Circuit in *Bienvenu* declined to create a bright-line rule, favoring a case-by-case determination instead. *Id.* at 907. However, the court did provide some insightful guidance. To satisfy the status test, "[t]he threshold amount [of work] must be greater than a modicum of activity in order to preclude coverage to those employees who are merely commuting from shore to work by boat."

8

*Id.* at 908. Tying off the vessel or loading and unloading tools and gear does not count towards meaningful work on the vessel. *See id.* The *Bienvenu* court also indicated that the worker's relation to and work on the specific vessel where the injury occurred are both significant facts. *See id.* at 908.

In *Bienvenu*, the court found the status test to be satisfied in large part because the plaintiff had, for the prior eleven years, spent approximately an hour each work day working on platform equipment while aboard the vessel upon which he was injured. *Id.; see also Anaya v. Traylor Bros., Inc.*, 478 F.3d 251, 254 (5th Cir. 2007) (finding that plaintiff performed most of his construction duties aboard the barge he was injured on, satisfying the status test); *Early v. Wise Well Intervention Servs., Inc.*, No. 6:09-CV-00288, 2012 WL 826992 at *3 (W.D. La. Mar. 6, 2012) (finding that 60-75% of work done offshore and 100% of the work for a particular project was done on the M/V SUPERIOR INTEGRITY, the site of the injury, satisfied the status test).

Abe's has sufficiently establish that there are material issues of fact related to whether Johnson's presence on the MISS SYDNEY was transient or fortuitous. While Johnson appears to have stated that he maintained the MISS SYDNEY and spent approximately 25% of his time operating a boat for work purposes, his statement was in reference to "boats" generally, not work done specifically aboard the MISS SYDNEY. *Compare* Rec. Doc. 67-2 at 3*, with* Rec.

9

Doc. 67-3. As to the work Johnson performed specifically on the MISS SYDNEY, the record does not clearly support Johnson being aboard that vessel for the purpose of anything other than traveling to and from the work site.

Additionally, Johnson's statement about his work done on boats generally is somewhat vague. His statement at least in part indicates he mostly moved gear and personnel for work on the platform, which the *Bienvenu* court indicated cannot count towards satisfying the status test. *See Bienvenu*, 164 F.3d at 908; *see also* Rec. Doc. 67-2 at 3 ("A lot of times they have me run to Venice to pick up personnel, supplies"). Key facts related to whether or not Johnson is covered by the LHWCA remain in dispute. This means the Court may not grant Apache's motion for summary judgment on the grounds that Johnson is precluded from bringing suit under the LHWCA.

    **ii. Apache's Negligence**

Apache also argues that because Johnson is a borrowed employee, it cannot be vicariously liable to Abe's for torts related to Johnson's on-the-job injuries. *See* Rec. Doc. 41-2 at 6-7. In addition to this argument depending on the LHWCA coverage issue already discussed, the argument also depends on all tort claims specifically relating to the actions of Johnson. Abe's claim against Apache is not based on the theory of *respondeat superior*. Rather, Abe's has alleged that Apache's negligence stems from

independent acts of Apache itself: allowing unlicensed and untrained personnel to operate vessels; not having procedures in place to ascertain the qualification of personnel allowed to operate its vessels; allowing its vessels to be operated in adverse weather conditions; and not having procedures in place concerning the safe operation of its vessels. *See* Rec. Doc. 31 at 2. Apache has not addressed, nor does case law suggest, how Abe's could be barred from raising such tort claims directly against Apache in a case like this. *See Adams v. Chevron USA, Inc.*, 383 Fed. Appx. 447, 454 (5th Cir. 2010). As such, summary judgment for Apache and against Abe's is not appropriate.

### B. Island's Motion for Summary Judgment

Island's grounds for summary judgment also depends on the LHWCA being applicable in this case. *See* Rec. Doc. 42-1. Were it that Morel was a borrowed employee or that Johnson and Morel were co-borrowed employees under the LHWCA, Johnson would be unable to recover from Island for Morel's negligence. *See id.;* 33 U.S.C. § 933(i) ("[R]ight to compensation or benefits under this chapter shall be the exclusive remedy to an employee when he is injured . . . by the negligence or wrong of any other person or persons in the same employ."). Because the Court cannot resolve the factual disputes related to the issue of whether the LHWCA applies to this case, the Court also is unable to grant summary judgment for Island on the grounds of Johnson being a borrowed

employee or Johnson and Morel being co-borrowed employees under the statute.

Accordingly, **IT IS ORDERED** that defendant Apache's Motion for Summary Judgment is **DENIED**. Rec. Doc. 41; and

**IT IS FURTHER ORDERED** that defendant Island's Motion for Summary Judgment is **DENIED**. Rec. Doc. 42.

New Orleans, Louisiana, this 12th day of January, 2016.

UNITED STATES DISTRICT JUDGE